BARBARA E. TAYLOR, f.k.a. BARBARA E. DIAZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taylor v. Commissioner
Docket No. 29004-89
United States Tax Court
T.C. Memo 1990-559; 1990 Tax Ct. Memo LEXIS 631; 60 T.C.M. (CCH) 1129; T.C.M. (RIA) 90559; October 25, 1990, Filed Gerald McNally, Jr., for the petitioner. Brian Bove, for the respondent. NAMEROFF, Special Trial Judge. NAMEROFF
MEMORANDUM FINDINGS OF FACT AND OPINION This case is before the Court on the parties' cross motions to dismiss for lack of jurisdiction. Respondent has moved to dismiss this case on the ground that the petition was untimely. Petitioner has moved to dismiss this case on the ground that the notice of deficiency was not sent to her last known address. In the notice of deficiency, respondent determined a deficiency for the taxable year 1983 in the amount of $ 2,948.00 plus an addition to tax under sections 6651(a)(1) [1] in the amount of $ 133.66. The notice of deficiency was sent by certified mail to *632 petitioner on April 15, 1987. The address to which the notice of deficiency was mailed was "c/o the Manor Hotel, 5930 Franklin Avenue, Hollywood, California 90028" (the Manor Hotel address). The petition was filed on December 5, 1989, clearly more than 90 days after the mailing of the notice of deficiency. The most recently filed return of petitioner prior to the mailing of the notice of deficiency was petitioner's 1985 return. The address thereon was "c/o Susan Suges, 1218 West Jarvis, Chicago, Illinois 60626." That return was filed on or about April 15, 1986. Prior to October 1986, petitioner's 1983 return came under examination by respondent. During the course of the examination, petitioner wrote to respondent's Chicago Service Center and stated that her new address, effective October 23, 1986, would be the Manor Hotel address. Subsequently, petitioner received a note dated February 4, 1987, from *633 an individual in respondent's Chicago office [2] named L. McCrimmon. That note indicated the writer's desire to have petitioner call on or before February 12, 1987. Petitioner responded by letter on February 25, 1987, indicating that she could not contact McCrimmon by telephone and that petitioner would prefer communication by correspondence. As indicated, on April 15, 1987, the notice of deficiency was sent to petitioner at the Manor Hotel address. The notice of deficiency was returned to respondent unclaimed. A critical piece of evidence in this case is a purported letter from petitioner to McCrimmon. A copy of that letter is included in the record. It is dated March 7, 1987, and purports to advise respondent of petitioner's new address at 1262 Edgemont, Apt. 2, Hollywood, California 90029 (the Edgemont address). Respondent's files have no record of that letter being received. Petitioner stated that the March 7 letter was *634 sent by regular mail on or about the date it was written. Petitioner wrote to respondent by letter dated March 28, 1987, advising respondent of a new address at 7283 St. Estaban, Tujunga, California 91042. However, petitioner did not mail that letter until April 20, 1987, and it was not received by respondent until May 12, 1987, after respondent had mailed the notice of deficiency. It is well settled that to maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition. ; . There is no requirement that the taxpayer actually receive the notice of deficiency in order to commence the running of the 90-day period. ; , affd. without published opinion . The burden of proving that the notice was not sent to her last known address is on petitioner. ; , *635 affd. without published opinion, . The definition of "last known address" is not contained in either the Internal Revenue Code or the regulations. This Court has determined the phrase to mean "the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period." . The address that respondent uses must be one in which he reasonably believed the taxpayer wanted the notice to be sent in light of all the surrounding facts and circumstances. ; ; ; ; , affd. without published opinion . As a general rule, a taxpayer's "last known address" is that address *636 which appears on the taxpayer's most recently filed return, unless respondent is given clear and concise notification of a different address. . The burden is on the taxpayer to keep the Commissioner informed as to his proper address. . Petitioner, a legal secretary, argues that the evidence clearly demonstrates that petitioner notified respondent of her change of address from the Manor Hotel to the Edgemont address in a timely fashion and therefore the notice of deficiency was invalid. We disagree. The evidence is not convincing to prove that the letter of March 7, 1987, was ever mailed to respondent. We merely have petitioner's testimony to that effect, and, under the circumstances of this case, do not find her testimony convincing. Had petitioner wanted to make sure that respondent knew of her change of address, she could have sent the letter by certified or registered mail. She would then have a post office receipt as proof of mailing. The record contains other correspondence from petitioner to respondent which were dated at one point in time, *637 but mailed significantly later in time. Accordingly, we do not believe that petitioner is entitled to a presumption of regularity in her mailing practices, much less a presumption that respondent received her attempted change of address. We hold that the notice of deficiency was mailed to petitioner's last known address. Nevertheless, petitioner argues that the letter of March 28, 1987, received by respondent on May 12, 1987, advised respondent of a new address in Tujunga, California. Respondent had this letter in his files when the notice of deficiency was returned on May 18, 1987. Therefore, petitioner argues, respondent should have taken further steps to ensure that petitioner received appropriate notice of his determination. We find this argument also unavailing. Once the notice of deficiency is mailed to petitioner's last known address, respondent has no further duty to see that the notice of deficiency gets delivered. After a notice of deficiency is returned undeliverable, respondent has no duty to reexamine all available records to determine another address in order to deliver the notice of deficiency. , *638 affg. ; . Moreover, in this case, it appears that the 1983 return was timely filed. Accordingly, absent any other information, the statute of limitations with regard to the 1983 return expired on April 15, 1987. Respondent could not mail a notice of deficiency to petitioner subsequent to that date. Respondent's motion to dismiss this case for lack of jurisdiction will be granted and petitioner's motion will be denied. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code, as amended, and in effect for the taxable year in issue.↩
2. It is not clear whether L. McCrimmon was an auditor or an appeals officer.↩